### A90A0244. LAWRENZ v. THE STATE.
(391 SE2d 703)

DEEN, Presiding Judge.

Appellant Lawrenz pled guilty to a charge of theft by taking after having been apprehended for falsifying cash register receipts in the grocery store where she worked. The record reveals that the trial court determined, after a hearing and on the basis of the evidence before him, that the amount stolen, upon conservative calculation, was $44,000. The transcript shows that the trial court determined that the maximum amount the appellant would realistically be able to repay was $24,000 and, accordingly, set the amount of restitution at $24,000. Appellant, having been granted an out-of-time appeal, contends that there was insufficient evidence to authorize recovery of $44,000 in damages if the action below were a civil case, and therefore the trial court erred in requiring restitution in an amount ($24,000) derived from $44,000. *Held*:

1. As the State concedes in its brief, appellant is correct in stating that the maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. OCGA § 17-14-9; *Garrett v. State*, 175 Ga. App. 400, 401 (333 SE2d 432) (1985). OCGA § 17-14-10 further prescribes the factors that the trial court must consider in determining the "nature and amount of restitution"; see also *Williams v. State*, 180 Ga. App. 854, 856 (350 SE2d 837) (1986).

Scrutiny of the record in the instant case indicates that, even had appellant not plead guilty, there was ample evidence, both direct and indirect, attesting to appellant's guilt and indicating the approximate

amount taken. Her employer had videotaped her at her work station for three days prior to arrest, and the videotapes clearly showed her in the act of writing in "forgotten" items on at least one-third of the individual customers' printed receipts; a similar percentage of the receipts recovered from her trash basket at the end of each of these days showed such alterations. A comparison of the store's gross receipts during the period of appellant's employment with gross receipts during the corresponding period for the previous year, as indicated by bank deposits, revealed a decrease corresponding to the amounts of daily and weekly losses extrapolated from the evidence of the videotapes and the altered printed receipts. Moreover, there was evidence of sizable personal expenditures by appellant in excess of those which she and her husband had formerly made, with no demonstrable source of the additional sums of money represented by those additional expenditures. Thus the evidence was sufficient to authorize the reasonable trier of fact to find appellant guilty beyond a reasonable doubt of unlawfully taking money in at least the amount determined by the trial court. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence was sufficient to support the trial court's finding of $44,000 in damages not only on the ground that it was sufficient to authorize a finding of "guilt" beyond a reasonable doubt but because the amount was proven by a preponderance of the evidence. Guilt was not at issue here since defendant pled guilty as charged of theft by taking $1,500. The statutes make it clear that restitution is based on the victim's civil damages. See OCGA §§ 17-14-2 (2) and 17-14-9. Thus the sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence. Compare *Garrett v. State*, 175 Ga. App. 400, supra.

The record shows that in determining the nature and amount of restitution due, the trial court considered the evidence before him and acted in compliance with the requirements of OCGA §§ 17-14-2; 17-14-8 (b); 17-14-9; and 17-14-10. We find no error in the proceedings below.

2. We remind appellant's counsel of the requirements of Court of Appeals Rule 15 (a) (2) regarding content of appellate briefs.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MARCH 5, 1990.

*Lee R. Taylor*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.