A97A1154. ANDERSON v. THE STATE.
(486 SE2d 410)

Eldridge, Judge.

On January 22, 1996, appellant Roy Hulon Anderson entered a plea of guilty to seven counts of forgery related to a construction bid and subsequent contract between his fictitious corporation, Ellis-Anderson, and Gwinnett County to build a public park. As part of the plea bargain, appellant agreed to be subject to a restitution requirement as a condition of probation; the plea bargain limited such restitution to no more than $200,000. The trial court sentenced appellant to a 15-year probated sentence and, following two days of restitution hearings, ordered the appellant to pay the county $112,125.50 as a condition of probation. Appellant challenges the sufficiency of the evidence supporting the amount of restitution. *Held*:

According to *Cheeks v. State*, 218 Ga. App. 212, 213 (460 SE2d 860) (1995), three things are required in order to impose restitution as a condition of probation: (1) a restitution hearing; (2) consideration of the factors outlined in OCGA § 17-14-10; and (3) findings of fact. See also OCGA § 42-8-35 (7); *Murphy v. State*, 182 Ga. App. 791 (357 SE2d 147) (1987). Under OCGA § 17-14-9, "[t]he amount of restitution ordered may be equal to or less than, but not more than, the victim's damages," which are further defined in OCGA § 17-14-2 (2) as "all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." "Thus[,] the sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence." *Lawrenz v. State*, 194 Ga. App. 724, 725 (391 SE2d 703) (1990).

In the case sub judice, the evidence showed that the appellant and a co-conspirator created a fictitious corporation, Ellis-Anderson, with fictitious officers; that appellant also created a fictitious insurance corporation, which issued forged security bonds; that Ellis-

Anderson successfully bid to build a public park in Gwinnett County; that Gwinnett County contracted with Ellis-Anderson to build the park; that Ellis-Anderson contracted with subcontractors, who performed the actual work on the project; that Ellis-Anderson submitted several payment requests to the county; that Ellis-Anderson was paid upon such requests; that Ellis-Anderson failed to make some payments to subcontractors for work performed; and that, once appellant's forgery was discovered, Ellis-Anderson was dismissed from the project and the county had to pay the subcontractors directly, effectively paying a second time for the same work. The evidence further indicated that Gwinnett County paid $650,000 over the contract price to complete the project and that the county suffered losses of at least $297,000, and perhaps as much as $355,410, as a direct result of the fraudulent conduct of appellant and the co-conspirator.

During two days of restitution hearings, the trial court heard from four witnesses for the State and reviewed numerous documents which established the cost to the county to complete the project following the dismissal of Ellis-Anderson; appellant presented no evidence. The trial court heard evidence regarding the original contract price of the project, payments made to Ellis-Anderson, and the total cost to complete the park. Appellant's counsel had the opportunity to cross-examine the witnesses and present its own recommendations as to how damages should be calculated in this case.

Following the hearing, the trial court considered the factors outlined in OCGA § 17-14-10, resolved issues of fact in favor of appellant, and arrived at the amount of restitution to be required of appellant. See *Cheeks*, supra at 214 (failure of defendant to present evidence regarding factors outlined in OCGA § 17-14-10 acts as a waiver to their consideration by the trial court in determining the amount of restitution). In so establishing restitution, the trial court expressly considered what damages would have been in a civil breach of contract claim, subtracting the bargained-for contract price from the actual cost to the county to complete the project.[1] Further, recognizing that the restitution ordered was significantly less than the

---

[1] As this case did not involve allegations of damage to property, appellant's references to *Gaskin v. State*, 221 Ga. App. 142 (470 SE2d 531) (1996) and *Revis v. State*, 223 Ga. App. 470 (477 SE2d 880) (1996) are misplaced, as both cases involve the failure of the trial court to consider the fair market value of damaged property, including the effect of depreciation. Further, *Lovell v. State*, 189 Ga. App. 311 (375 SE2d 658) (1988) is inapplicable, since the objection to evidence in *Lovell* regarded an approximation by a store owner of damages to property during a burglary; such approximation was based on the cost price and was unsupported by evidence regarding the condition of the property upon purchase versus at the time of the damage. In the case sub judice, there was no damage to property and sufficient supporting evidence to elevate appellee county's determinations of costs and expenditures beyond mere conjecture.

county's actual loss, the trial court noted that the county would have to pursue civil remedies for the remainder.

The amount of restitution ordered was within the amount agreed upon by the appellant and the State as part of the plea bargain, and was certainly within the amount of damages recoverable by appellee in a civil action. See OCGA §§ 17-14-2 (2); 17-14-9. The fact that appellant presented other methods by which a factfinder could have arrived at an amount of restitution goes only to the weight of the evidence before the trial court, not to its sufficiency. In such a situation, it is well established that review of evidence by this Court is limited to questions of sufficiency. *Jenkins v. State*, 216 Ga. App. 433 (454 SE2d 543) (1995). After reviewing the record, we conclude that there was sufficient evidence before the trial court to support the amount of restitution ordered.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 28, 1997 — 
 Before Judge Clark.
*Harrison & Harrison, Gresham H. Harrison, Samuel H. Harrison,* for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney,* for appellee.