## A98A1179. BRITT v. THE STATE.
### (503 SE2d 653)

ELDRIDGE, Judge.

Chuwanda Britt pleaded guilty to fraud in obtaining food stamps during her full-time, unreported employment between March 1, 1993 and October 31, 1994. In the indictment, Britt was charged with unlawfully obtaining food stamps totaling $5,982. However, Britt asserted at the plea hearing that the amount she actually received was approximately $4,000; she refused to plead guilty to obtaining the higher amount. The trial court accepted her guilty plea to the charge of fraud and immediately sentenced her to serve four years on probation. As a condition of such probation, the trial court ordered her to pay, inter alia, $5,982 in restitution to the State. She appeals the portion of her sentence ordering restitution.

1. In her first enumeration, Britt contends that the State failed to prove the dollar amount of food stamps that she unlawfully received. "Guilt was not at issue here since defendant pled guilty as charged of [fraud]. The statutes make it clear that restitution is based on the victim's civil damages. See OCGA §§ 17-14-2 (2) and 17-14-19. Thus[,] the sufficiency of [the] evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence. [Cit.]" *Lawrenz v. State*, 194 Ga. App. 724, 725 (391 SE2d 703) (1990).

In this case, the State presented no competent evidence to support its assertion that Britt unlawfully collected $5,982 in food stamps. Its only evidence was a report from the Georgia Department of Human Resources Food Stamp Program that indicated a total disbursement to Britt of $5,982 in food stamps between March 1993 and October 1994. The report is not in the appellate record. However, absent a foundation for admission as a hearsay exception, this evidence was inadmissible and should not have been considered by the trial court. OCGA § 24-3-1 et seq.; see also *Suarez v. Suarez*, 257 Ga. 102, 103-104 (2) (355 SE2d 649) (1987); *Mitcham v. Blalock*, 214 Ga. App. 29, 32 (2) (447 SE2d 83) (1994); *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994); *In the Interest of J. C.*, 163 Ga. App. 822, 823 (296 SE2d 117) (1982). Without this document, the State

failed to present any evidence as to the dollar amount of food stamps allegedly received by Britt. As such, the evidence was insufficient to support the trial court's order of restitution.

However, Britt admitted during the plea hearing that she unlawfully obtained "approximately $4,000" in food stamps. This admission was some evidence of the amount of damages so as to support an order of restitution, subject to this Court's holding in Division 2, infra. Therefore, the trial court's sentence of restitution must be reversed and remanded for a determination of the amount of such damages in accordance with the rules of evidence. See *Lomax v. State*, 200 Ga. App. 233, 235 (407 SE2d 462) (1991); *In the Interest of J. C.*, supra at 823.

2. In her remaining enumerations of error, Britt asserts that the trial court was required to conduct a pre-sentence hearing on the amount of restitution, to consider the factors outlined in OCGA § 17-14-10, and to make specific written findings of fact as required by OCGA § 17-14-8. We agree.

"Code sections 17-14-8 through 17-14-10 contemplate a *hearing* and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. OCGA § 17-14-10 lists several specific factors which must be considered by the court before ordering restitution. Further, the amount of restitution must be based on competent and relevant evidence." (Citations and punctuation omitted; emphasis in original.) *Radford v. State*, 223 Ga. App. 312, 313 (2) (477 SE2d 428) (1996); *Cannon v. State*, 246 Ga. 754, 756 (3) (272 SE2d 709) (1980); *Fonseca v. State*, 212 Ga. App. 463, 464 (2) (441 SE2d 912) (1994).

Under OCGA § 17-14-10, a trial court must consider, *in addition* to the amount of damages, the defendant's present financial condition, her future earning capacity, the goals of restitution, restitution previously made, the period of time the restitution order will be in effect, and any other factors which are deemed appropriate under the circumstances. These issues generally are not addressed in or even relevant to a plea hearing or the guilt-innocence phase of a criminal trial. See *Patterson v. State*, 161 Ga. App. 85, 86 (5) (289 SE2d 270) (1982).

In this case, there is nothing in the transcript to indicate that the trial court considered these factors in determining whether or not to order restitution, and there is a total absence of any written findings of fact regarding such consideration. The transcript shows that, although defense counsel repeatedly sought to address the issue of Britt's ability to pay restitution and her future earning capacity, her efforts were dismissed by the trial court. The trial court seemed to insist that the amount of restitution ordered should be based *solely* on the amount of damages proven by the State. This position conflicts

with the express provisions of OCGA § 17-14-10.

"Accordingly, we must reverse that portion of [Britt's] sentence which imposes restitution . . . and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which OCGA § 17-14-9 and the factors in OCGA § 17-14-10 are to be considered and we further direct that the written finding required by OCGA § 17-14-8 [(a)] be made. *Patterson v. State*, supra at 86 (5)." (Punctuation omitted.) *Murphy v. State*, 182 Ga. App. 791, 793 (5) (357 SE2d 147) (1987); see also *Fonseca v. State*, supra at 464-465.

*Sentence of restitution reversed and remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 4, 1998.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Phyllis Miller*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

