## A00A2219. WILLIAMS v. THE STATE.
(545 SE2d 343)

BARNES, Judge.

Artravious Williams pled guilty to aggravated assault. The trial court sentenced him to thirteen years, to serve six in prison. The trial court also ordered him to pay restitution. Williams appeals the restitution order, arguing that the amount exceeds the victim's damages and that the trial court failed to consider certain factors and to make written findings of fact. We reverse that portion of the restitution order without sufficient evidence to support the amount of restitution ordered and remand the case to the trial court with direction.

At the restitution hearing, the victim stated that Williams shot him in the shoulder and neck area on July 24, 1998. He was hospitalized for 21 days and continued hand therapy thereafter. The victim testified that he incurred medical expenses of $94,595.56 from Grady Hospital and $7,785 at Emory Medical Care Foundation. He further testified as to lost wages, stating that he had worked three or four days each week cutting grass and earned $50 to $75 per day. After he was shot, he did not work for nine months.

Williams, 24 years old at the time of the restitution hearing, testified that before his incarceration, he was earning $8.50 per hour, catering at Phillips Arena. He stated that he had a tenth grade education and planned to work after being paroled, testifying that he had no disabilities that would prevent him from doing so. He planned on living with his mother upon his release.

---

[5] See *Patterson*, supra.
[6] See *White*, supra.

The trial court totaled the victim's lost wages at $8,100, calculating the lost wages as $75 per day, for twelve days during each of the nine months. To that amount, the trial court added medical expenses of $94,595 and $7,785, ordering Williams to pay $110,480 in restitution. Williams appeals.

1. Williams contends that the trial court erred by not considering all statutory factors outlined in OCGA § 17-14-10 and by not making specific written findings of fact as required by OCGA § 17-14-8.

Code sections 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. OCGA § 17-14-10 lists several specific factors which must be considered by the court before ordering restitution.

(Citations, punctuation and emphasis omitted.) *Britt v. State*, 232 Ga. App. 780, 781 (2) (503 SE2d 653) (1998). Here, although the trial court held a restitution hearing, the transcript does not disclose that it considered each of those factors, and the trial court did not enter specific written findings. Consequently, the restitution order is vacated and the case remanded so that the trial court can conduct a hearing in compliance with OCGA § 17-14-10 and enter written findings of fact relating to the factors set forth therein. See *Slater v. State*, 209 Ga. App. 723, 725-726 (4) (434 SE2d 547) (1993).

2. Williams also contends that the evidence was insufficient to support the amount of restitution. "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. The maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. *Lawrenz v. State*, 194 Ga. App. 724 (1) (391 SE2d 703) (1990). The sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence. Id. at 725.

(a) Williams argues that the amount of restitution for medical expenses exceeded the victim's damages. He complains that the only evidence of the amount of the Grady Hospital medical expenses was the victim's testimony and argues that the evidence of the amount of the Emory medical expenses was improperly based upon inadmissible hearsay.

At the hearing, when the State questioned the victim as to the amount of medical expenses he had incurred, the victim responded, "In total, I had two bills that I was given, and I have one on me today for seven thousand, seven hundred and some odd dollars." The record reveals, however, that the "bill" admitted into evidence was actually a notice that Emory Medical Care Foundation had placed his account

with a collection agency. It listed an amount due of $7,785 and an incurred date of December 15, 1998. Although the victim also testified that he had received the second bill from Grady Hospital in an amount of $94,595.56, no medical bill from Grady was introduced. Further, the victim stated that he was unsure whether the charges that Grady billed duplicated the Emory charges.

Absent a foundation for admission as a hearsay exception, the collection notice and the testimony regarding the contents of medical bills were inadmissible and should not have been considered by the trial court. OCGA § 24-3-1 et seq.; *Britt v. State*, 232 Ga. App. 780 (1) (503 SE2d 653) (1998); contrast *Barnes v. State*, 239 Ga. App. 495, 498 (1) (521 SE2d 425) (1999) (recognizing that determining market value is a matter of opinion and ruling that market value may rest wholly or in part upon hearsay). Exclusion of such testimony and the collection notice leaves the record without sufficient evidence regarding the amount of medical expenses. Thus, on remand, the trial court is instructed to determine such damages after a hearing upon competent evidence. See *Cardwell v. State*, 225 Ga. App. 337, 338 (484 SE2d 38) (1997).

(b) Williams argues that the amount of restitution for lost wages exceeded the victim's damages. But the fact that Williams points to other evidence that could have permitted the factfinder to arrive at a different amount of damages goes only to the weight of the evidence before the trial court, not to its sufficiency. *Anderson v. State*, 226 Ga. App. 286, 288 (486 SE2d 410) (1997). This Court's review of evidence is limited to questions of sufficiency, id., and after reviewing the record, we conclude that the evidence of lost wages was sufficient and the amount of restitution for lost wages did not exceed the victim's damages. See generally *Fewox v. State*, 243 Ga. App. 651, 652 (534 SE2d 121) (2000) (value of collection of compact discs calculated using an average price per disc).

*Restitution order vacated and case remanded with direction. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 1, 2001.

*Gayle D. Bacon*, for appellant.
*J. Tom Morgan, District Attorney, Kristin L. Wood, Assistant District Attorney*, for appellee.