A05A0124. McMAHON v. THE STATE.
(615 SE2d 625)

ADAMS, Judge.

Following a jury trial, Francis James McMahon, Sr. was convicted of seven counts of theft by taking related to an agreement to build a home. McMahon was initially sentenced to fifteen years, with six years to be served in prison and the remaining nine years to be served on probation.

This Court affirmed McMahon's conviction on October 28, 2002, *McMahon v. State*, 258 Ga. App. 512 (574 SE2d 548) (2002), and our Supreme Court denied his petition for certiorari on March 28, 2003. The remittitur was issued by this Court on May 8, 2003, and a restitution hearing was held on July 31, 2003. Following the hearing, McMahon was ordered to pay $147,013.15 as a condition of his sentence. McMahon appeals from that order.

1. McMahon argues that the trial court was without authority and jurisdiction to hold the hearing and order restitution since it failed to hold a hearing during the seven months between his conviction and the filing of the notice of appeal. The record in this case indicates that the trial court continued the initial restitution hearing with the intention that the hearing be held at a later time. That hearing was not held until after the notice of appeal was filed. Although defense counsel contended at the hearing that the court had been divested of jurisdiction to order restitution once the notice of appeal was filed, counsel also requested that the restitution proceedings be further delayed pending the outcome of the appeal.

We disagree that the trial court was without jurisdiction to order restitution in this case. Our Supreme Court has noted that a trial court may defer the initial decision on the amount of restitution until

---

[5] See *Accolades Apts. v. Fulton County*, 279 Ga. 257 (612 SE2d 284) (2005).

a later hearing and has also noted that the defendant can consent to restitution being determined, or even increased, at a later time. *Harris v. State*, 261 Ga. 859, 861, n. 1 (413 SE2d 439) (1992); *Zebley v. State*, 234 Ga. App. 18, 19 (2) (505 SE2d 562) (1998). That is what happened in this case. This enumeration is thus without merit.

2. McMahon also contends that the trial court erred by failing to make specific findings of fact regarding his ability to make restitution, including his present financial condition and his probable future earning capacity. Although the court noted in the restitution order that evidence had been presented at the restitution hearing concerning McMahon's health problems and his ability to pay, and specifically stated that it had considered the factors set forth in OCGA § 17-14-10, including McMahon's present financial condition and the probability of future earnings, the court failed to make the necessary factual findings relative to the statutory factors. Thus, although the transcript supports the trial court's finding that evidence was presented at the hearing concerning the statutory factors, the trial court's order is nevertheless deficient. *Nobles v. State*, 253 Ga. App. 814, 815 (560 SE2d 724) (2002). "As the trial court failed to include written findings of fact pertaining to the various factors set forth in OCGA § 17-14-10, its restitution order is deficient, and we must vacate the judgment and remand the case to the trial court for entry of a new order based upon the required written findings." (Punctuation and footnote omitted.) Id. *Steele v. State*, 270 Ga. App. 488, 489-490 (606 SE2d 664) (2004); *Beall v. State*, 252 Ga. App. 138, 139-140 (4) (555 SE2d 788) (2001).

3. McMahon next argues that the trial court erred in ordering him to pay restitution because the evidence that he was physically disabled and financially bankrupt was uncontradicted. The transcript from the restitution hearing shows, however, that the prosecutor questioned McMahon concerning property held by his wife, and that the trial court questioned his attorney concerning whether he had any hospital admission or treating physician records concerning his illnesses. Moreover, it is somewhat premature to speculate as to what evidence the trial court accepted or rejected in ordering restitution in this case, since this case is being remanded so that those necessary factual findings can be made. McMahon will have another opportunity to appeal from that order, and any contentions concerning evidentiary challenges to the trial court's order can best be addressed at that time.

4. In related enumerations of error, McMahon contends the trial court erred in determining the amount of restitution to be paid by improperly ordering him to pay restitution for damages flowing from counts of the indictment for which he was acquitted. We agree that the restitution amount should not include any amount for damages

which would have been attributed to the three counts of theft by receiving for which McMahon was acquitted. See *Bottoms v. State*, 194 Ga. App. 862, 862-863 (2) (392 SE2d 59) (1990); OCGA § 17-14-2 (2). Indeed the trial court acknowledged during the restitution hearing that "generally speaking . . . you can't collect restitution on an indicted count in which there is an acquittal." Although the trial court was thorough in making written findings as to the calculation of the restitution award, it is nevertheless difficult to ascertain whether the court improperly included amounts based on the acquitted charges. Thus, upon remand, the trial court should also clarify its order as to this issue, and should deduct amounts that may have been improperly included, if any.

*Order of restitution vacated and case remanded with direction. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 8, 2005.

*H. Edward Marks, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.