## A06A2213. McMAHON v. THE STATE.
### (643 SE2d 236)

ADAMS, Judge.

This is the third appeal by Francis McMahon, Sr., following his conviction on seven counts of theft by taking related to an agreement to build a home for Phillip and Karen Morgan. McMahon's convictions were affirmed in *McMahon v. State*, 258 Ga. App. 512 (574 SE2d 548) (2002). On July 31, 2003, following the remittitur, the trial court held a hearing on restitution and ordered McMahon to pay $147,013.15 as a condition of his sentence. McMahon appealed, and this Court vacated the order and remanded the case because the trial court had failed to include required findings of fact in its order. *McMahon v. State*, 273 Ga. App. 574 (615 SE2d 625) (2005). On May 23, 2006, the trial court issued an amended order regarding restitution, and McMahon again appeals.

McMahon had been charged with ten counts of theft by taking, ten counts of conversion of payments for real property improvements (OCGA § 16-8-15), and one count of operating a racketeer influenced and corrupt organization. The trial court granted a directed verdict as to the alleged violations of RICO and OCGA § 16-8-15. But the jury convicted McMahon of seven of the ten counts of theft by taking. On July 27, 2001, the trial court sentenced McMahon to ten years, to serve six, concurrently, as to each of six counts of theft by taking. For the remaining count, the court added five years to be served on probation consecutive to the first six counts. Thus, all tolled, McMahon was required to serve six years followed by nine years probation. The court also ordered restitution as a condition of probation, but it reserved for later determination the amount of restitution. On July 31, 2003, the court held a hearing on restitution and later entered its initial restitution order. But the trial court's initial order was flawed in that the court failed to make specific findings of fact regarding McMahon's present financial condition and his probable future earning capacity. *McMahon*, 273 Ga. App. at 575 (2). This Court also noted that any restitution award should not be based on the three counts of theft by taking for which McMahon had been acquitted. Id. at 576 (4).

On May 23, 2006, the court entered an amended restitution order and made the following findings regarding McMahon's financial condition and his probable future earning capacity:

> Specifically, in regard to the defendant's present financial condition, the defendant testified that he receives between [$930] and [$940] a month from Social Security. His wife also receives [$430] a month from Social Security. Of this, the only liabilities mentioned were that of a [$62] per month parole fee and rent that is less than [$600] a month. However, the defendant testified that the rent is paid by his son, who[ ] also resides in that same household, and his wife contributes to the bills from her earnings. Although there is a vague reference to the defendant's medication being expensive, there was no evidence presented in regard to any amount being expended by the defendant. Further, there was no testimony that the defendant had any other financial liabilities. In the absence of any evidence to the contrary, there is no reason to believe that the defendant's Social Security payments will decrease.

The court also found that the defendant's medical condition would prevent him from obtaining any other income and that the defendant had nine years to make restitution.

In that amended order, the trial court stated that it was not including any amount arising out of the counts on which McMahon was acquitted. But the court noted that the award could exceed the total amount of money McMahon took wrongfully because the court was allowed to award "all damages which a victim could recover against an offender in a civil action. . . . OCGA § 17-14-2 (2)." The court reasoned that the corresponding civil action would be one for breach of contract, which allows recovery of consequential damages. The court then entered the same award made in the original order based on the same calculation.

On June 29, 2006, McMahon was released on parole. His probation and his restitution payments are scheduled to begin in July 2007.

1. McMahon first contends the amended restitution order is flawed because it was not based on his "present financial condition" at the time of the order and that, accordingly, there should have been another hearing. The restitution hearing was held on July 31, 2003 and the amended order was issued on May 23, 2006 based on the evidence presented almost three years earlier. But in the earlier appeal, this Court remanded the case only for necessary factual findings and other clarifications to its order. "The trial court's failure to include written findings of fact in its order, 'alone, would not

necessitate a new restitution hearing, since it could be rectified upon remand if the required factors were actually considered although not reflected in the order of restitution.'" (Punctuation and footnote omitted.) *Nobles v. State*, 253 Ga. App. 814, 815 (560 SE2d 724) (2002). That is the case here. Under the circumstances, the trial court was not required to conduct another hearing. Compare *Register v. State*, 279 Ga. App. 61, 62 (630 SE2d 593) (2006) (second hearing necessary because of a change in the law of restitution); *Pruitt v. State*, 230 Ga. App. 334 (1), (2) (496 SE2d 324) (1998) (second hearing necessary when defendant resentenced following defective original sentence).

2. McMahon next contends the trial court erred by awarding any restitution because the evidence is uncontradicted that he is unable to pay. But McMahon has failed to cite any law to support this argument, and we find none that would require us to reverse the trial court's decision. Rather, the law provides that the trial court was required to consider a number of factors, including but not limited to the defendant's financial resources, assets, income, and financial obligations and to make appropriate findings of fact, which the court did. OCGA § 17-14-10. But the law also provides that the judge "shall order an offender to make full restitution to any victim." OCGA § 17-14-3 (a). This the trial court has now done. We find no law for the proposition that the court must determine in advance that the defendant's net worth or financial resources projected over the intended years of repayment is mathematically sufficient to allow full payment of the amount of restitution ordered. The evidence shows that McMahon has some income and that he is not required to pay rent. McMahon failed to carry his burden of presenting information about other living expenses. And it was reasonable for the court to conclude that restitution was an appropriate condition of probation in this case.

Furthermore, McMahon's argument that he may be unable to pay the restitution is premature. See *Miller v. State*, 264 Ga. App. 801, 802 (a) (592 SE2d 450) (2003) (appellate review of whether defendant is unable to pay restitution not ripe without current harm such as revocation of probation or failure to pay restitution). Should McMahon be unable to pay, the protection of his constitutional rights will be governed by the principles in *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983) (before revoking probation for failure to pay restitution, court must determine whether defendant had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist). See also *Hunt v. State*, 222 Ga. App. 66, 70 (3) (473 SE2d 157) (1996) (where restitution is a condition of probation, *Bearden* hearing on ability to pay not required until probation is about to be revoked for failure to pay).

3. In two enumerations of error, McMahon contends the trial court erred by awarding restitution based on the counts for which he was acquitted, but we find no error. It is true that a defendant cannot be ordered to pay restitution for a count on which he was acquitted or not charged. See *Bottoms v. State*, 194 Ga. App. 862, 862-863 (2) (392 SE2d 59) (1990); *Rider v. State*, 210 Ga. App. 802, 803 (2) (437 SE2d 493) (1993). But the trial court did not do so here. Rather, "the statutory scheme requires the court to determine what type of civil action could be maintained by the victim, and to determine what the proper measure of damages would be in such a civil action." *Garrett v. State*, 175 Ga. App. 400, 404 (2) (333 SE2d 432) (1985).[1]

Here, the trial court determined, based on the acts giving rise to the criminal liability, that the victims could have maintained a breach of contract action against McMahon. There is precedent for this approach. See *Anderson v. State*, 226 Ga. App. 286, 287 (486 SE2d 410) (1997). In that case, Anderson was convicted of seven counts of forgery in connection with a construction contract. Anderson had created a fictitious corporation with fictitious officers and a fictitious insurance corporation that issued forged security bonds, all in a successful effort to win a bid to build a public park for Gwinnett County. Id. Anderson's forgeries were discovered when he failed to pay subcontractors with money obtained from the county. Id. As a part of his criminal sentencing, the trial court awarded restitution based on a civil action of breach of contract. Id. In so doing, the court considered evidence of the cost to complete the project, over and above the original cost, that resulted from Anderson's wrongdoings. Compare *In the Interest of C. B.*, 221 Ga. App. 102 (470 SE2d 493) (1996) (theft by receiving is also analogous to the civil tort of conversion).

The present case is similar. McMahon was convicted of theft by taking seven of ten payments intended as payment for the construction of a new home for the Morgans. McMahon failed to pay subcontractors with the money, and he also simultaneously and unbeknownst to the Morgans allowed a bank to hold a security interest in the property the Morgans intended to buy. By failing to put the Morgans' payments to their proper contractual use, he breached the

---

[1] "Damages" means "all special damages which a victim could recover against an offender in a civil action, . . . based on the same act or acts for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium." OCGA § 17-14-2 (2). Thus, "the maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action" based on the acts giving rise to the criminal liability. (Citations and punctuation omitted.) *Cardwell v. State*, 225 Ga. App. 337 (484 SE2d 38) (1997).

contract between the parties. Consequently, the Morgans were required to spend additional money to pay off the bank lien and to pay for the completion of the project. See *McMahon v. State*, 258 Ga. App. at 513.

The fact that McMahon was found not guilty of taking three other payments is irrelevant to the determination of damages. McMahon's criminal actions caused the loss that the trial court awarded as restitution. Accordingly, the trial court's order was not erroneous.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

---

DECIDED FEBRUARY 5, 2007 —
RECONSIDERATION DENIED MARCH 14, 2007.
Restitution. Gwinnett Superior Court. Before Judge Batchelor.
*H. Edward Marks, Jr.,* for appellant.
*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney,* for appellee.