## A11A0180. BAGHOSE v. STATE.
### (711 SE2d 110)

ADAMS, Judge.

Charlotte J. Baghose, a former corporate accounting manager convicted of theft and forgery, disputes the trial court's admission of certain evidence at her restitution hearing and the calculation of her employer's damages.

The State accepts the statement of facts recited in Baghose's brief. Those facts and others gleaned from the trial transcript show that ZF Industries employed Baghose for 20 years. Her duties included issuing employee expense checks. In 2007, two internal audits spearheaded by ZF President Elizabeth Umberson revealed numerous fraudulent checks. First, ZF internal auditors conducted an audit on August 13-15, 2007 that attributed losses of approximately $587,000 to Baghose; she was terminated on August 31, as a result. Next, two auditors from the German parent corporation and one from the first audit conducted an audit in September that traced to Baghose hundreds of fraudulent checks totaling over $650,000.

In 2008, Baghose was indicted — on Count 1 — of felony theft by taking in that "between August 12, 2002 and July 11, 2007, [she] did unlawfully take monetary funds, the property of ZF Industries, with a value of more than $500.00. . . ." She was also indicted on 29 counts of forgery in the first degree (Counts 2 through 30) for each of 29 transactions involving fraudulent checks spanning the same time period as Count 1. At trial, in addition to witness testimony, the State introduced many of the fraudulent checks. Baghose was convicted on Count 1 and all counts of forgery except Counts 8, 9, 12, and 13.

Following the conviction, the court held a sentencing and restitution hearing during which evidence of ZF's losses was presented, albeit in a different form from the trial. The court determined that the forgery counts did not merge with the theft count and that each count would be sentenced separately. On Count 1, the court sentenced Baghose to ten years, nine to serve, with $100,000 restitution. On Counts 2 through 7, the court imposed ten years, nine to serve, concurrent with Count 1, but no separate restitution, "the restitution being encompassed in its entirety in the $100,000 figure under Count One." On Counts 10, 11, and 14 through 30, the court sentenced Baghose to ten years probation consecutive to Counts 1 through 7, with restitution under Count 1 as a special condition of probation. On appeal, Baghose contends the trial court erred in determining the amount of ZF's loss by accepting hearsay evidence as to the total amount and by failing to deduct from that total the amount for the counts for which she was acquitted.

1. Umberson, the only witness for the State at the sentencing

hearing, testified that the second audit cataloged every fraudulent check and that ZF had total damages of $653,735.63, the total shown on that list. The court admitted the list into evidence as the only exhibit, over Baghose's objection that the list was not introduced at trial and that the auditors who prepared it did not testify. On appeal, Baghose contends the check list was inadmissible hearsay, citing *Williams v. State*, 247 Ga. App. 783 (545 SE2d 343) (2001).

Regardless of any possible error admitting the auditors' check list, Umberton was authorized to testify as to the total amount of damages based on the foundation she laid for her testimony.

> Opinion evidence as to the value of an item has probative value and may be admitted if a foundation is laid showing that the witness has some knowledge, experience or familiarity with the value of the property or similar property and if the witness gives reasons for the value assessed and has had an opportunity for forming a correct opinion.

*Wilkerson v. State*, 246 Ga. App. 621, 622 (1) (540 SE2d 303) (2000). See also *Barnes v. State*, 239 Ga. App. 495, 498 (1) (521 SE2d 425) (1999) ("It is not objectionable that [an] opinion as to value might, in some cases, be based on hearsay.").

At the sentencing hearing, Umberson testified that she instigated the two audits; that she was present for each of the two audits "during the entire time"; that the auditors determined that Baghose generated fraudulent, unauthorized checks and cashed them; that she obtained copies of the checks from the bank; that she obtained affidavits from every person listed as a payee on the checks showing that they did not receive the money; that the auditors determined the exact amount of the fraudulent checks; that she herself confirmed the amount of each check; that the auditors prepared the list of fraudulent checks based on the same information; and that she reviewed the checks with the auditors and determined that the exact amount of fraudulent checks was $653,735.63.

Because Umberson laid a foundation for her opinion regarding the damages suffered by ZF, her testimony as to that value was properly allowed. The introduction of the auditors' check list, even if error, is merely cumulative of that opinion. The case of *Williams v. State*, 247 Ga. App. 783, is therefore not controlling.

2. Baghose also contends the court's finding of fact that ZF had suffered $653,735.63 in damages was erroneous given that the jury acquitted her on four specific counts of forgery. The four checks corresponding to the four counts on which the jury acquitted Baghose add up to $6,464.59, and they were included in the auditors' list of fraudulent transactions totaling $653,735.63. In its order, the

court found as a matter of fact that ZF suffered the full amount of damages shown on the check list; the court also found that Baghose had a limited ability to pay, and it therefore ordered her to pay $100,000 restitution. At any rate, Baghose argues that the court's factual finding on the total damages is inconsistent with the jury's verdict because it includes the amounts for which she was acquitted.

But Baghose was charged with different crimes arising out of the same conduct. On Count 1, she was charged with theft by taking, which is defined as when a person "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. Baghose was acquitted on four counts of forgery, which is defined as when a person "with intent to defraud . . . knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority. . . ." OCGA § 16-9-1 (a). Thus, the two crimes have different elements of proof, and therefore, acquittal on the four counts of forgery does not affect or undermine Baghose's conviction of theft by taking. The trial court was authorized to determine the amount of restitution on Count 1 independent of the other counts.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MAY 17, 2011.

*Kristin I. Jordan*, for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.