A11A2223. WILDER v. THE STATE.
(726 SE2d 154)

DOYLE, Presiding Judge.

Richard Keith Wilder was convicted of forgery[1] after entering a guilty plea pursuant to *North Carolina v. Alford*.[2] The trial court entered a restitution order from which Wilder now appeals. For the reasons that follow, we vacate the order of restitution and remand with direction.

> The proper amount or type of restitution shall be resolved by the ordering authority by the preponderance of the evidence. And the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the [S]tate. On review of a restitution order, the appellate court has the duty of reviewing the transcript to determine whether each party has met his or her specified burden and determining whether a restitution award was supported by the preponderance of the evidence.[3]

So viewed, the record reveals that Wilder was indicted on two counts of first degree forgery for allegedly forging the names of two previous owners on a motor vehicle title and one count of alteration of an odometer.[4] Wilder agreed to plead guilty to one of the two forgery charges in exchange for the State moving for entry of an order of nolle prosequi as to the remaining forgery charge and the alteration of an odometer charge.

At the guilty plea hearing, the State contended that Wilder sold a used vehicle to Andrea Berlin with a forged signature of a previous owner and an incorrect odometer for $7,900. The car immediately showed signs of disrepair, and Berlin invested $3,574 in repairs before attempting to resell the vehicle to another used car establish-

---

[1] OCGA § 16-9-1 (a).

[2] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[3] (Citation and punctuation omitted.) *Mayfield v. State*, 307 Ga. App. 630 (2) (705 SE2d 717) (2011). See also OCGA § 17-14-7 (b).

[4] OCGA § 40-8-5 (c).

ment, which offered her $1,700 for the vehicle.

At the guilty plea hearing, the State asked for a separate hearing on restitution and argued that the amount would be significant. During the plea colloquy, Wilder testified that he understood that there was restitution at issue in the case, and he would be required to pay the amount that the trial court would determine at the later hearing.

At the restitution hearing, the State presented evidence of the purchase amount of the vehicle as well as amounts Berlin spent in repairing the vehicle before giving it to a repairman after concluding that she could not invest more money in the automobile. At the hearing, the State contended that Wilder should be ordered to pay restitution in the amounts Berlin invested in the vehicle, both in its purchase and in its repair, while Wilder contended that those amounts did not flow from the forgery conviction.

The trial court entered its restitution order, finding that on March 5, 2007, Berlin purchased a vehicle from Wilder for $7,900 with mileage represented by Wilder to be 49,000, but in actuality the mileage was 98,000. Berlin was able to use the vehicle for three weeks during which time she invested $3,574 in repairs in the vehicle. Based on these findings, the trial court ordered Wilder pay Berlin $11,474 in restitution.

Wilder argues that the trial court erred by ordering him to pay restitution in the amount of the purchase price and repair expenses of the car because the State failed to meet its burden of proof. Wilder explains that his guilty plea was entered only as to forgery of the title document, which offense did not result in the losses making up the ordered amount of the restitution.

Pursuant to OCGA § 17-14-2 (2), damages recoverable through an order of restitution are "all damages which a victim could recover against an offender in a civil action based on the same *act or acts* for which the offender is sentenced. . . . The statute does not require that the damage be a direct result of the *crime* committed, but only that it be based on the same act or acts."[5] Moreover, "a defendant cannot be ordered to pay restitution for a count on which he was acquitted or not charged."[6] "Although the trial court was thorough in making written findings as to the calculation of the restitution award, it is nevertheless difficult to ascertain whether the court improperly included amounts based on" the nolle prossed charges in

---

[5] (Citation and punctuation omitted; emphasis in original.) *Burke v. State*, 201 Ga. App. 50 (1) (410 SE2d 164) (1991).

[6] *McMahon v. State*, 284 Ga. App. 192, 195 (3) (643 SE2d 236) (2007).

light of the trial court's emphasis on the odometer readings.[7] Thus, upon remand, the trial court should clarify its order to indicate whether any amounts were improperly included based on the nolle prossed charges and deduct those amounts, if any.[8]

*Order of restitution vacated and case remanded with direction. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 19, 2012.

*McArthur, McArthur & Overend, John J. McArthur*, for appellant.

*Daniel J. Porter, District Attorney, Jennifer G. Hendee, Assistant District Attorney*, for appellee.

---

[7] *McMahon v. State*, 273 Ga. App. 574, 576 (4) (615 SE2d 625) (2005).
[8] See id.