**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 15, 2020**

# In the Court of Appeals of Georgia

A19A1713. O'BRIEN v. THE STATE.

RICKMAN, Judge.

Following her plea of guilty to ten counts of theft by taking and her subsequent sentencing, Marjorie O'Brien appeals, challenging two aspects of the restitution order that was made a part of her sentence: whether she could be assessed any restitution given that she was impoverished and whether she should be required to pay restitution on counts that were nolle prossed. We find that the question of ability to pay is premature but that the case must be remanded for the trial court to clarify whether O'Brien waived restricting restitution to the counts for which she pled guilty.

The record shows that O'Brien was indicted on two counts of racketeering and 81 counts of theft by taking for events occurring between January 1, 2010 and March 1, 2017, in which she, while serving as a probate judge, was alleged to have stolen

more than $430,000 in cash from the Atkinson County Probate Court. O'Brien eventually agreed to plead guilty to ten counts of theft, for incidents occurring in 2010, and agreed that the State would recommend a sentence of between two and four years in prison and an unspecified period of time on probation. She also agreed to a restitution hearing to examine "her finances, her debts, her assets, [and] her ability to work," but the total amount of restitution was not fixed.

At the separate sentencing/restitution hearing, the State presented a certified public accountant who testified that the total shortfall for the years 2010 through 2016 was $433,267.50, and he provided a breakdown of that total by year. When asked about the theft, O'Brien denied taking $433,000 but stated that she did not know how much she had taken. After presentation of the evidence, the court sentenced O'Brien to three years in prison, 30 years of probation, and restitution of $309,267.50.[1] The court reserved the decision on the amount of the monthly payment O'Brien would be required to pay until O'Brien was released from confinement. The written sentence provides, as a special condition of probation, that O'Brien "shall pay restitution in the amount of $309,267.50 . . . for the benefit of the victim(s) Atkinson

---

[1] Evidence was submitted to show that a bond covered $124,000 of the county's loss.

County Commissioners, at a rate to be approved by the Court or the Community Supervision Officer." The written sentence further provided that the "Court sets monthly payments to begin not less than 6 months after release."

1. Relying on the United States Supreme Court's holding in *Bearden v. Georgia*, 461 U.S. 660 (103 SCt 2064, 76 LE2d 221) (1983), O'Brien contends the trial court erred by ordering restitution as a condition of probation because the evidence showed she was unable to pay and had no ability to pay in the future.[2] We find this contention premature because O'Brien was not then required to make a monthly restitution payment and had not failed to make such a payment. The trial court reserved that determination for a later time, and therefore, the issue is not ripe for our consideration. See *McMahon v. State*, 284 Ga. App. 192, 194 (2) (643 SE2d 236) (2007) ("appellate review of whether defendant is unable to pay restitution not

---

[2] Testimony showed that O'Brien was age 50 or 52 at the time of sentencing. As a consequence of the charges against her, she had resigned her position as a judge, which paid approximately $57,000 a year, and was unemployed. She testified that she had no personal income and her husband had income of approximately $600 a week. She introduced into evidence the "Pre-Sentence Investigation Financial Sheet," which showed that her household monthly income did not cover her living expenses; consequently, she and her husband depended on family members for additional support. The couple have few assets of any value. But prior to her service as a probate judge, O'Brien and her mother had a successful mortgage brokerage company, and, prior to that, O'Brien had jobs working at an attorney's office, a jewelry store, a finance company, and other employers. She does not have a college degree.

ripe without current harm such as revocation of probation or failure to pay restitution") (citation omitted); see also *Bearden*, 461 U.S. at 672 (II) ("[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay.").

2. O'Brien also contends the trial court erred by awarding restitution for the counts that were nolle prossed. Because we are unable to determine whether the court ordered an improper amount, we vacate the decision on restitution and remand for clarification as explained below.

Regarding restitution in criminal procedure, OCGA § 17-14-2 (2) defines "damages" as "all special damages which a victim could recover against an offender in a civil action . . . *based on the same act or acts for which the offender is sentenced*." ("Emphasis supplied.) See also OCGA § 17-14-9 ("The amount of restitution ordered shall not exceed the victim's damages."). Thus, absent agreement, a defendant cannot be ordered to pay restitution for a count on which he was not convicted. See *McMahon*, 284 Ga. App. at 195 (3) (restitution cannot be ordered on counts for which the defendant was acquitted or actions for which he was not charged); *Wilder v. State*, 314 Ga. App. 905, 906 (726 SE2d 154) (2012) (restitution may not be awarded based on nolle prossed charges).

4

Nevertheless, the State argues that any error by the court in assessing restitution based on the total amount stolen, as opposed to the amount associated with the counts for which O'Brien pled guilty, was invited by O'Brien during the plea negotiation process. According to the State, "[o]ne of the key incentives for the State to agree to dismiss the large majority of O'Brien's charges was the prospect of securing the opportunity for restitution for the full amount of her thefts from the County." And where the record shows that the defendant requested restitution and agreed to the amount thereof in exchange for a more lenient sentence, the defendant cannot complain on appeal that the restitution amount was not proven or that she was ordered to pay damages arising out of incidents to which she did not plead guilty. See *McCullough v. State*, 268 Ga. App. 445, 447 (2) (a) (602 SE2d 181) (2004); compare *Steele v. State*, 270 Ga. App. 488, 490 (606 SE2d 664) (2004) (*McCullough* inapplicable where "the State, not [the defendant], suggested the imposition of restitution, as well as the amount"). Here, it is unclear if the trial court addressed this waiver issue or, if it did, how it was resolved .

The record shows that when placing its plea recommendation on the record, the State referred to two different restitution amounts — the "amount owed" and the "overall restitution amount" — but neither amount was set at the plea hearing:

So we will recommend a range of two to four years in prison, followed by a period of time on probation, which would be the subject of a restitution hearing where we would like the probation department pre-sentence to look at her finances, her debts, her assets, her ability to work. And then based on that report, the State will present an argument for an amount of money that should be paid each month, and for a period of time that she should have to pay it. *So what is not determined as part of the plea is the exact amount owed, which is different than the overall restitution amount. I think that we will seek an overall restitution amount*, but as a special condition of probation, figure out how much she can afford to pay each month, and then that's what she should be required to pay. The State fully recognizes that, you know, we're not running a debtors' prison, and the law fully recognizes that the inability to pay restitution cannot result in you just will go to jail, then. And so we would be seeking an honest assessment of her ability to pay and try to get back for Atkinson County as much as we can.

(Emphasis supplied.) O'Brien and her counsel agreed to this recommendation. In exchange, the State agree to nolle prosequi the remaining counts. The court accepted "the recommendation or the agreement that has been reached in the case, and will sentence [O'Brien] according to that recommendation."

At the sentencing/restitution hearing, the court asked if the parties had agreed to the amount of restitution, and O'Brien replied that they had not. O'Brien then argued that she should be ordered to pay restitution only on the counts for which she

6

had entered a plea, which amounted to approximately $69,000. The State countered that during plea negotiations, "[t]he correspondence and every single conversation between [defense counsel] and myself was that the State was seeking $433,000 in restitution." The State continued that it always had been seeking the full amount stolen as the total amount of restitution:

> But the agreement was we would let Ms. O'Brien plead to a series of charges, that we leave it up to the Court to decide the amount of restitution. And I believe that under that and those [parameters], the Court can impose the $433,000 in restitution. The whole reason and purpose, and [defense counsel] knows this, the whole reason and purpose of whittling down the number of charges was not to whittle down the restitution. It was to whittle down the length of time that she might actually serve on any prison sentence.

The court then interjected that "it sounds to me like you all did not agree." The State continued: "[W]e ended up at this number of charges but with an agreement that the restitution will be decided by the Court, not limited by the arbitrary counts that she ended up pleading guilty to."

Although the trial court ruled in the State's favor, we are unable to determine whether the trial court found as a matter of fact that O'Brien had agreed to pay the full amount of restitution or whether the court concluded that it was authorized to

award the full amount even if O'Brien had not so agreed, which would constitute error. The court's order is silent on this issue. We therefore vacate the order of restitution and remand to the trial court for clarification. If the court awarded the total amount of damages as restitution without O'Brien's agreement, the restitution award must be reentered so that it reflects only those counts to which O'Brien elected to plead guilty. See *McMahon*, 284 Ga. App. at 195 (3). If the court determined that O'Brien agreed to make restitution payments over time in the total amount of damages proved by the State, then the court shall enter an order explaining that conclusion and reentering the restitution order. See *McCullough*, 268 Ga. App. at 447 (2) (a); compare *Steele*, 270 Ga. App. at 490. O'Brien will be entitled to appeal that decision.

*Judgment vacated and case remanded with direction. Miller, P. J., and Reese, J., concur.*