## A96A0164. GASKIN v. THE STATE.
(470 SE2d 531)

SMITH, Judge.

Ralph Gaskin was convicted of two counts of burglary, OCGA § 16-7-1 (a), and one count of arson in the first degree, OCGA § 16-7-60. His motion for new trial was denied, and he appeals.

The evidence presented at trial showed that on the night of August 20, 1992, the offices of an accounting firm burned. A fire investigator testified that the burn pattern on the carpet indicated that a flammable liquid had been used to start the fire, suggesting arson. He also testified that a piece of a glass bottle was found near the origin of the fire. Shortly after the fire, a burglary occurred at a nearby electronics store. A detective testified that access to that store was gained by smashing the glass front door to the business.

At trial, two of Gaskin's co-defendants, Jermaine Roberts and Marion Stevens, pled guilty and testified for the State, implicating Gaskin and another co-defendant, Frederick Ash, in the burglaries and the arson.

1. Gaskin asserts the general grounds, specifically enumerating as error the trial court's failure to grant a motion for new trial because the testimony of accomplice Marion Stevens was insufficiently corroborated as to the burglary counts.

A defendant may not be convicted on the uncorroborated testimony of an accomplice. Whitfield v. State, 159 Ga. App. 398, 400 (6) (283 SE2d 627) (1981); OCGA § 24-4-8. The testimony of a second accomplice, however, satisfies the corroboration requirement. Ledesma v. State, 251 Ga. 885, 887 (1) (b) (311 SE2d 427) (1984); McDaniel v. State, 158 Ga. App. 320 (279 SE2d 762) (1981). In this case, two accomplices testified against Gaskin.

Stevens testified that the four men were driving around in a car together, and when they stopped for gas, Ash filled a glass Gatorade bottle with gasoline. Stevens indicated that Ash and Gaskin used the bottle filled with gasoline to start the fire at the accounting office in order to divert attention from a planned burglary at Cannon Electronics. Stevens also testified that after Gaskin and Ash started the

fire at the accounting office, the four men drove to a trailer park behind Cannon Electronics. There, Stevens, Gaskin, and Ash got out of the car and told Roberts, who was driving, to meet them later at an appointed location. Stevens testified that the three of them broke into the electronics store, and that Gaskin and Ash were to "get" amplifiers and a car alarm.

Roberts testified that he dropped Gaskin off with Stevens and Ash. He testified that when the three men returned to meet him at the appointed location, they were carrying boxes Roberts later learned contained stolen electronics equipment. Roberts's testimony as to these facts corroborates Stevens's testimony both factually and by indicating knowledge of an overall plan to commit the arson and the burglary. Only slight corroboration of accomplice testimony is required. "While a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8 . . ., slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citations and punctuation omitted.) *Hardin v. State*, 252 Ga. 99, 100 (4) (311 SE2d 462) (1984).

To commit burglary, a person must, "without authority and with the intent to commit a felony or theft therein," enter or remain within any building or any room or any part of that building. OCGA § 16-7-1 (a). Participants in a crime need not be the actual perpetrators of the crime. See *Lobdell v. State*, 256 Ga. 769, 773 (7) (353 SE2d 799) (1987). Every person concerned in the commission of a crime is a party to that crime and may be charged with and convicted of the crime. OCGA § 16-2-20 (a). To be concerned in the commission of a crime, a person must directly commit the crime, or intentionally aid or abet in the commission of the crime. OCGA § 16-2-20 (b) (1), (3), inter alia.

While mere presence at the scene of a crime is insufficient to show that a defendant is a party to the crime, *Brown v. State*, 250 Ga. 862, 864 (1) (302 SE2d 347) (1983), criminal intent may be inferred from conduct before, during and after the commission of the crime. *Jones v. State*, 242 Ga. 893 (1), 894 (252 SE2d 394) (1979). See also *Williams v. State*, 262 Ga. 677 (1) (424 SE2d 624) (1993). The jury was authorized to infer from Gaskin's conduct before and after the burglary that Gaskin did in fact take part in both of the crimes. See *Day v. State*, 197 Ga. App. 875, 876 (399 SE2d 741) (1990) (whether accomplice testimony adequately corroborated to be determined by jury). That inference was valid based on the facts presented in Roberts's testimony that indicated an overall plan to commit both the arson and the burglary. Roberts dropped Gaskin off with Stevens and Ash behind the electronics store; when they returned, the three men were carrying boxes later determined to contain stolen electronics

equipment; when Roberts dropped Gaskin off, Gaskin took some items out of the trunk of the car driven by Roberts and left. These facts were sufficiently corroborated by the testimony of Stevens. The trial court therefore properly denied Gaskin's motion for new trial on this ground.

2. Gaskin enumerates the insufficiency of corroboration only as to the burglary count, and we therefore do not address the issue as to the arson count in this appeal. Gaskin does, however, enumerate the general grounds as to his conviction for arson. Gaskin asserts that Stevens's testimony does not directly place him at the scene of the arson; it indicates that he and Ash got out of the car in the vicinity of the accounting office and that they later ran back to the car. But Stevens also testified that when Ash returned to the car he said a distraction had been made. This comment established that the two crimes were connected; they were part of a continuing course of criminal action in which Gaskin was clearly involved.

Viewing the evidence in the light most favorable to the verdict, sufficient evidence was presented to enable a rational trier of fact to find beyond a reasonable doubt that Gaskin was also a party to the crime of arson. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Gaskin contends that the order of restitution was improper for two reasons:

(a) The trial court failed to enter written findings as required by law. This Court held in *Garrett v. State*, 175 Ga. App. 400 (333 SE2d 432) (1985), that OCGA § 17-14-10 requires the ordering authority to make a record regarding consideration of certain enumerated factors. In this case, the trial court held a restitution hearing and considered the defendants' earning capacity (based upon prior education and job experience), as well as the existence of any assets and/or financial obligations. While these factors were considered on the record, no written findings were entered as required by law. If this were the only deficiency in the restitution proceedings, the absence of findings alone would not necessitate a new hearing. It is clear from the record that the trial court considered the required factors, and written findings could be entered upon remand to the trial court without another hearing. However, a new hearing on restitution is required for a different reason.

(b) Gaskin contends that the trial court also erred in ordering restitution because no evidence was presented as to the reasonable value of the property at the time it was damaged. We find this contention meritorious, and we remand this case to the trial court for a new hearing on restitution.

OCGA § 17-14-10 sets forth a list of factors to be considered by the ordering authority in determining the nature and amount of res-

titution. These factors include the amount of damages. OCGA § 17-14-10 (3). "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. "[T]he maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. [Cits.]" *Lawrenz v. State*, 194 Ga. App. 724 (1) (391 SE2d 703) (1990).

At the restitution hearing, a partner in the accounting office testified that no attempt was made to determine the fair market value of the destroyed property. This determination was not made because the accounting office's insurance coverage provided for replacement cost rather than fair market value.

Determination of the amount of damages must be based upon fair market value, which must be determined exactly. *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988) (evidence insufficient when amount of restitution determined by approximation). The correct determination for the amount of restitution is the fair market value of the property rather than the replacement cost. See *Sutton v. State*, 190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989) (value assigned to the property for which restitution ordered based upon a consideration of the fair market value of a truck of comparable age and condition). See also *Hoard v. Wiley*, 113 Ga. App. 328, 333-334 (2) (147 SE2d 782) (1966) (testimony regarding cost price must be coupled with evidence showing condition of item both at time of purchase and at time of loss). Because the trial court in this case relied upon replacement cost rather than a determination of fair market value, the order of restitution was improper.

We therefore vacate the order of restitution and remand the case to the trial court for a new hearing on restitution and entry of a new order based upon written findings.

*Judgment of conviction affirmed, order of restitution vacated and case remanded with direction. Pope, P. J., and Andrews, J., concur.*

DECIDED APRIL 12, 1996.

*Ratcliff, Smith & Rose, Charles P. Rose, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, John T. Durden, Jr., Assistant District Attorney,* for appellee.

