A96A2514. CARDWELL v. THE STATE.
(484 SE2d 38)

ANDREWS, Chief Judge.

Anthony S. Cardwell pled guilty to four counts of entering an automobile and was ordered to pay restitution to three victims as a condition of probation. He appeals,[1] contending that the State failed to prove the fair market value of the items taken or damaged. We agree.

A restitution hearing was held pursuant to OCGA § 17-14-1 et seq. at which two of the four victims testified.

The order of restitution does not contain the written findings required by OCGA § 17-14-10 regarding consideration of certain specified factors. While the factors were considered as to victim Watkins as reflected on the partial record before us,[2] the order does not

---

[1] Pursuant to the grant of an out-of-time appeal by the trial court.
[2] Victim Krissel's testimony was not taken down, but receipts for the original purchase

reflect them, as required. Compare *Gaskin v. State*, 221 Ga. App. 142, 144 (3) (470 SE2d 531) (1996), and *Dukes v. State*, 213 Ga. App. 701, 703 (5) (446 SE2d 190) (1994), with *Cheeks v. State*, 218 Ga. App. 212 (460 SE2d 860) (1995). Although this alone would not necessitate a new restitution hearing, since it could be rectified upon remand if the required factors were actually considered although not reflected in the order of restitution, a new hearing is required for another reason.

"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. " '(T)he maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. (Cits.)' *Lawrenz v. State*, 194 Ga. App. 724 (1) (391 SE2d 703) (1990)." *Gaskin*, supra at 145 (3) (b).

Fair market value is the measure of such damages and it must be determined exactly. Id. Here, victim Watkins testified to the estimated cost of repairs to his truck and the original purchase price of the damaged CD player which he had obtained from a Circuit City employee who obtained it from a computer. In addition to not being the fair market value of the items, both of these figures are inadmissible hearsay. *Sabo v. Futch*, 226 Ga. 352 (1) (175 SE2d 16) (1970); *Hurst Boiler &c. Co. v. Firstline Corp.*, 206 Ga. App. 446, 447 (1) (426 SE2d 22) (1992); *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988).

There is no testimony or other evidence concerning Davis' damages, and the documentary evidence in the record for Krissel reflects only purchase prices.

*Judgment of conviction affirmed. Order of restitution vacated and remanded. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 10, 1997.

*Antje R. Kingma*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Desiree S. Peagler, Niria L. Dominguez, Assistant District Attorneys*, for appellee.

---

of the items taken from his vehicle are contained in the record.