### A00A0576. FEWOX et al. v. THE STATE.
(534 SE2d 121)

BLACKBURN, Presiding Judge.

After pleading guilty to burglary, Renee Fewox and Cherie Stegall appeal the trial court's order requiring them to pay $3,405 in restitution to the victims of their crime, Sean and Charlotte Tomlinson. The appellants contend that the trial court inappropriately based its determination on the replacement cost of the items stolen rather than fair market value. For the reasons discussed below, we agree and remand the case for further consideration.

Under OCGA § 17-14-9, "(t)he amount of restitution ordered may be equal to or less than, but not more than, the victim's damages," which are further defined in OCGA § 17-14-2 (2) as "all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." "Thus(,) the sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence." *Lawrenz v. State*, 194 Ga. App. 724, 725 (391 SE2d 703) (1990).

*Anderson v. State*, 226 Ga. App. 286 (486 SE2d 410) (1997).

Determination of the amount of damages must be based upon fair market value, which must be determined exactly. *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988) (evidence insufficient when amount of restitution determined by approximation). The correct determination for the amount of restitution is the fair market value of the property rather than the replacement cost. See *Sutton v. State*, 190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989) (value assigned to the property for which restitution ordered based upon a consideration of the fair market value of a truck of comparable age and condition). See also *Hoard v. Wiley*, 113 Ga. App. 328, 333-334 (2) (147 SE2d 782) (1966) (testimony regarding cost price must be coupled with evidence showing condition of item both at time of purchase and at time of loss).

*Gaskin v. State*, 221 Ga. App. 142, 145 (3) (b) (470 SE2d 531) (1996); *Cardwell v. State*, 225 Ga. App. 337 (484 SE2d 38) (1997).

At the restitution hearing in this case, the State called the Tomlinsons to testify regarding the property that had been taken from their home and the value of that property. During their examination, the Tomlinsons stated that the values which they were giving represented the replacement cost for the stolen property, except for a collection of compact discs for which the Tomlinsons calculated an average per disc worth based on their resale values. Therefore, with the exception of the collection of compact discs, the order of restitution was improperly based on replacement cost for the property. *Gaskin*, supra. As such, we must vacate the order of restitution and remand the case for further hearings to determine the fair market value of the stolen property. Id.

The State's reliance on *Maddox v. State*, 157 Ga. App. 696 (278 SE2d 480) (1981) does not change this result. In *Maddox*, the defendant contended that the trial court erred by permitting the victim, whose home had been burglarized,

> to testify as to her opinion of the value of an item without giving the basis for the formulation of that opinion, and that the trial court erred in permitting [the victim as a] lay witness to prove the alleged value of an item by the hearsay statement of a non-expert witness.

Id. We rejected the defendant's contentions, finding that the owner of property is qualified to give testimony as to its value and that, "especially where an owner of stolen property is attempting to establish value for purposes of restitution by the thief . . . the question of whether [the owner] has given *sufficient foundation*[ ] should be left to the trier of fact." (Emphasis supplied.) Id. at 697. Thus, *Maddox* dealt specifically with the ability of a victim of theft to testify regarding the value of stolen property. There was no contention in *Maddox*, however, that the restitution order therein was based on replacement rather than fair market value, and, as such, that opinion bears no application to the issue now before us.

Furthermore, the State's attempt to distinguish *Gaskin*, supra, from the case at hand is unavailing. The State argues that the rule in *Gaskin* requiring the consideration of fair market value for determining restitution should apply only to damaged property and not stolen property. This distinction, however, overlooks the mandate of OCGA § 17-14-9 that a defendant can be required to pay restitution "equal to or less than, *but not more than*, the victim's damages." (Emphasis supplied.) As replacement value for stolen property may exceed its fair market value, the latter must be used to satisfy OCGA § 17-14-9.

*Judgment vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 18, 2000.

*Hudson & Montgomery, David R. Montgomery, Mark M. Wiggins,* for appellants.

*Timothy G. Madison, District Attorney, Barry E. King, Robin R. Riggs, Assistant District Attorneys,* for appellee.