## A05A1415. GRAY v. THE STATE.
(615 SE2d 834)

BLACKBURN, Presiding Judge.

Following his guilty plea to criminally damaging property and a subsequent restitution hearing, Danny Andrew Gray appeals the order of restitution only, arguing that the court failed to make the statutorily-required findings of fact and that the evidence of damages was insufficient. We agree with both arguments and therefore vacate the order of restitution and remand the case for a new restitution hearing.

Based on the destruction of various items at his girlfriend's residence and other evidence, Gray pled guilty to criminal damage to property in the second degree and to family violence battery. Although the court immediately imposed fines and sentenced Gray to probation, the court reserved the issue of restitution for a later hearing.

At the subsequent hearing, the State presented only the testimony of the victim, who testified that, based on her estimation of the depreciated value of the 13 damaged or destroyed goods, the fair market value of the damages was $1,940. She failed to identify the purchase price of the goods (except as to one TV), their dates of acquisition, their age (except as to a computer and to a bed with night stand), their condition, or their repair costs. In determining the goods' depreciated values, she followed no formula but simply "pulled [figures] out of [her] head." In a written decision that addressed none of the factors enumerated in OCGA § 17-14-10, the court ordered restitution in the amount of $1,940.

1. Gray first complains that the State failed to present evidence at the hearing relating to the various factors listed in OCGA § 17-14-10, and further that the court failed to address or otherwise consider these factors in its written order. This statute requires that the trial court consider each of the following factors in determining the nature and amount of restitution:

> (1) The present financial condition of the offender and his dependents;
> (2) The probable future earning capacity of the offender and his dependents;
> (3) The amount of damages;

(4) The goal of restitution to the victim and the goal of rehabilitation of the offender;

(5) Any restitution previously made;

(6) The period of time during which the restitution order will be in effect; and

(7) Other appropriate factors which the ordering authority deems to be appropriate.

OCGA § 17-14-10.

"Following the restitution hearing, the court must make written findings of fact relating to each of the factors set forth in OCGA § 17-14-10. Failure to make such written findings renders the restitution order deficient." (Citation and punctuation omitted.) *Wiggins v. State.*[1] See *Steele v. State.*[2]

The only matter on which evidence was even presented at the hearing was the amount of damages suffered by the victim. Where the court holds a restitution hearing, but the transcript does not disclose that the court considered each of the statutory factors and the court further fails to enter specific written findings thereon, the restitution order must be "vacated and the case remanded so that the trial court can conduct a hearing in compliance with OCGA § 17-14-10 and enter written findings of fact relating to the factors set forth therein." *Williams v. State.*[3]

The State seeks to justify these deficiencies by arguing that under *Cheeks v. State,*[4] Gray's failure to present evidence on his present financial condition and probable future earnings waived his right to have the court address these matters. But this argument ignores that the other four factors required by the statute were unaddressed. It also misconstrues *Cheeks*, which held only that the defendant's failure to present evidence on the first two factors "resulted in a lack of evidence on those factors, but it does not follow that the trial court did not properly consider the factors enumerated in OCGA § 17-14-10 and make findings of fact related to those factors" based on the record before it. *Cheeks*, supra at 213. The trial court in *Cheeks* apparently did address and make findings on all factors, hindered though it was by the defendant's decision not to present evidence. *Cheeks* simply held that the trial court did not have an affirmative duty to discover evidence pertaining to Cheeks's ability to pay where Cheeks chose not to present evidence on such. Id. at 214.

[1] *Wiggins v. State*, 272 Ga. App. 414, 422 (6) (612 SE2d 598) (2005).

[2] *Steele v. State*, 270 Ga. App. 488, 489 (606 SE2d 664) (2004).

[3] *Williams v. State*, 247 Ga. App. 783, 784 (1) (545 SE2d 343) (2001).

[4] *Cheeks v. State*, 218 Ga. App. 212, 213-214 (460 SE2d 860) (1995).

Moreover, even if Gray had waived findings on these two factors, "the record does not reflect that the trial court actually considered the remaining factors enumerated in OCGA § 17-14-10, and . . . no written findings were made on these factors," which alone would require that we vacate the restitution award. *Helmeci v. State.*[5]

2. Gray's second enumeration of error challenges the sufficiency of the State's evidence regarding the amount of damages. Because this allegation may affect the re-hearing, we address this matter.

> Determination of the amount of damages must be based upon fair market value, which must be determined exactly. *Lovell v. State*[6] (evidence insufficient when amount of restitution determined by approximation). The correct determination for the amount of restitution is the fair market value of the property rather than the replacement cost. See *Sutton v. State*[7] (value assigned to the property for which restitution ordered based upon a consideration of the fair market value of a truck of comparable age and condition). See also *Hoard v. Wiley*[8] (testimony regarding cost price must be coupled with evidence showing condition of item both at time of purchase and at time of loss).

*Jackson v. State.*[9] See *Fewox v. State.*[10]

In evaluating the evidence presented to the trier of fact, we consider whether the evidence shows

> the fair market value of these items, the condition of the items, or an appropriate method of discounting the items from their replacement value to their fair market value. Without any such evidence on the record, we cannot say that the State has shouldered its burden of proving the fair market value of the [affected] items upon which an order of restitution may be based.

*Jackson*, supra at 619. In meeting its burden, the State may present testimony from the victim, who is familiar with the affected items. Id. However, the victim's opinion as to their value must be fact-supported. Id.

---

[5] *Helmeci v. State*, 230 Ga. App. 866, 870 (4) (498 SE2d 326) (1998).

[6] *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988).

[7] *Sutton v. State*, 190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989).

[8] *Hoard v. Wiley*, 113 Ga. App. 328, 333-334 (2) (147 SE2d 782) (1966).

[9] *Jackson v. State*, 250 Ga. App. 617, 618 (552 SE2d 546) (2001).

[10] *Fewox v. State*, 243 Ga. App. 651 (534 SE2d 121) (2000).

> Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Punctuation omitted.) Id.

The requirement that the victim give the reasons for the value assessed is well established.

> It has long been the rule that an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor, and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value. To be admissible, testimony as to cost price must be coupled with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue.

*Lovell*, supra at 313 (3). See *Braner v. Southern Trust Ins. Co.*[11] Such other evidence may also include repair costs. See *Barnes v. State.*[12] "Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an unsupported conclusion or guess of the witness." (Punctuation omitted.) *Sisk v. Carney.*[13]

Here, the victim failed to give a fact-supported opinion as to the value of the damaged items. With the exception of one item (a small TV), she did not identify the cost price of the items. She did not give any repair costs nor relate her efforts to salvage the items. See *Barnes*, supra at 498-499 (1). Nor did she state even the approximate dates the items were acquired. See *Braner*, supra at 121 (3) (even under a reduced standard of proof exception applicable to proving value in fire insurance cases, the owner must identify the "approximate date of purchase or acquisition of each such item"). She gave the age of only two items (a computer and a bed with night stand). Without identifying the condition of any of the goods either at the time of their acquisition or just prior to the crime, she estimated the depreciated value of each item not based on any formula or method, but simply based on numbers she "pulled . . . out of [her] head." She submitted photographs of some of the items as they appeared only

---

[11] *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 120-121 (3) (335 SE2d 547) (1985).

[12] *Barnes v. State*, 239 Ga. App. 495, 498-499 (1) (a) (521 SE2d 425) (1999).

[13] *Sisk v. Carney*, 121 Ga. App. 560, 563 (4) (174 SE2d 456) (1970).

after they were damaged. Such proof was insufficient to sustain the court's restitution award of $1,940.

Citing no authority, Gray argues that as the evidence was insufficient, no new hearing should be allowed. However, where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing. See, e.g., *Jackson*, supra at 619; *Williams*, supra at 785 (2) (a); *Fewox*, supra at 652; *Cardwell v. State*;[14] *Gaskin v. State*.[15] Accordingly, we vacate the restitution order (as per the court's "Amended Amendment to Criminal Sentence" order of February 9, 2005, as amended March 7, 2005) and remand the case for a new hearing on restitution. The guilty plea conviction of December 1, 2004, is otherwise affirmed.

*Judgment of conviction affirmed. Order of restitution vacated and case remanded with direction. Miller and Bernes, JJ., concur.*

DECIDED JUNE 17, 2005.

*John T. Strauss*, for appellant.

*W. Kendall Wynne, District Attorney, Kelly D. Kautz, Assistant District Attorney*, for appellee.

---

[14] *Cardwell v. State*, 225 Ga. App. 337, 338 (484 SE2d 38) (1997).

[15] *Gaskin v. State*, 221 Ga. App. 142, 145 (3) (b) (470 SE2d 531) (1996).