641 S.E.2d 591 (2007)
In the Interest of R.V., a child.
No. A06A2333.
Court of Appeals of Georgia.
January 31, 2007.
*592 Earle J. Duncan, III, Darien, for appellant.
Tom Durden, District Attorney, Claira E. Mitcham, Assistant District Attorney, for appellee.
RUFFIN, Judge.
A juvenile court adjudicated R.V. delinquent based upon evidence that he committed the offense of burglary. Following a subsequent hearing, the court ordered R.V. to pay $6,886 in restitution.[1] R.V. appeals this order, asserting that the juvenile court erred in failing to include statutorily-required findings of fact in support of the restitution award. R.V. also challenges the sufficiency of the evidence of damages and claims the trial court erred in admitting certain evidence. For reasons that follow, we vacate the restitution order and remand to the juvenile court for a new hearing.
1. According to R.V., the trial court erred in failing to make written findings of fact in support of its restitution order. We agree. OCGA § 17-14-10 requires the juvenile court to conduct a hearing and consider multiple factors in determining the amount of restitution, including: the present financial condition of the offender; his probable future earning capacity; the amount of damages; the goal of restitution; the goal of rehabilitation; any prior restitution; and the length of time the restitution order will be in effect. And, following the hearing, the court must make "written findings of fact relating to each of the factors set forth in OCGA § 17-14-10."[2] If a trial court fails to do so, the restitution order is deficient.[3] Here, the juvenile court's order lacks the requisite findings and therefore must be vacated.[4]
2. R.V. also challenges the sufficiency of the evidence supporting the award of restitution. "Determination of the amount of damages must be based upon fair market value, which must be determined exactly."[5] It is not sufficient for a victim merely to provide either the original price or the replacement costs of any item.[6] Rather, the *593 fair market value may be established by testimony regarding the original price, coupled with the age of the item and its condition at the time of the crime.[7] The victim's testimony can establish the fair market value as long as the victim's testimony is fact-based rather than mere conjecture.[8]
In this case, the only witness to testify at the restitution hearing was the victim. And the vast majority of the victim's testimony regarding damages was limited to the original price or the replacement costs of the items damaged or stolen by R.V. and his co-defendants. Moreover, some of the victim's testimony regarding repair quotes she received from others constituted inadmissible hearsay.[9] Under these circumstances, a new hearing is required.[10]
3. In view of our holding in Division 2, we need not address R.V.'s remaining enumeration of error.
Order of restitution vacated and case remanded with direction.
SMITH, P.J., and PHIPPS, J., concur.
NOTES
[1] There were three other people involved in vandalizing the victim's property. The juvenile court found total damages of $13,722, with R.V.'s pro rata share being $6,886.
[2] (Punctuation omitted.) Nobles v. State, 253 Ga.App. 814, 814-815, 560 S.E.2d 724 (2002).
[3] See id.; Beall v. State, 252 Ga.App. 138, 139-140(4), 555 S.E.2d 788 (2001); Cardwell v. State, 225 Ga.App. 337, 337-338, 484 S.E.2d 38 (1997).
[4] See Nobles, supra.
[5] (Punctuation omitted.) Gray v. State, 273 Ga. App. 747, 749(2), 615 S.E.2d 834 (2005).
[6] See id. (replacement cost); Cardwell, supra at 338, 484 S.E.2d 38 (original price).
[7] See Gray, supra.
[8] See id. at 749-750, 615 S.E.2d 834.
[9] See Cardwell, supra.
[10] See Gray, supra at 751, 615 S.E.2d 834.