## A10A1862. MAYFIELD v. THE STATE.

(705 SE2d 717)

ADAMS, Judge.

Elizabeth Mayfield pleaded guilty to arson in the first degree and was sentenced to fifteen years, one to serve, with the balance on probation. Following a hearing on the matter, she was ordered to pay restitution in the amount of $28,299.38 to Christopher Kanche. She appeals only the award of restitution and argues that the trial court failed to make specific written findings on the relevant factors, that the evidence was insufficient to show Kanche was the person to whom restitution was owed, and that the evidence was otherwise insufficient to establish the amount of the award.

1. With regard to the form of the court's findings, this Court has held that a court or other ordering authority is "no longer required to make written findings when ordering an offender to make restitution." *McCart v. State*, 289 Ga. App. 830, 832 (1) (658 SE2d 465) (2008). Accordingly, Mayfield's claim that the trial court erred by failing to make written findings of fact is without merit.

2. Mayfield contends the evidence was insufficient to support the award. "[T]he proper amount or type of restitution shall be resolved by the ordering authority by the preponderance of the evidence." OCGA § 17-14-7 (b). And "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the state." Id. "On review of a restitution order, the appellate court has the duty of reviewing the transcript to determine whether each party has met his or her specified burden and determining whether a restitution award was supported by the preponderance of the evidence." (Citations, punctuation and footnote omitted.) *McClure v. State*, 295 Ga. App. 465, 466 (673 SE2d 856) (2009).

(a) Mayfield asserts the evidence was insufficient to show that Kanche owned the property on the date of the fire. Kanche, a real estate investor, testified that he owned the house, which is located at 964 Donnelly Avenue in Atlanta, and that he bought it in 2006. On cross-examination, Mayfield introduced a computer printout from the Fulton County Tax Assessors office suggesting that Kanche had sold the property on April 13, 2007. On re-direct, Kanche testified that the printout reflects that he sold a portion of his land but not the house. Mayfield had no rebuttal. The court was authorized to find that the preponderance of the evidence showed Kanche owned the house at the time of the fire.[1]

---

[1] We have not considered the documents in the supplemental record because they were not in evidence before the trial court at the time of the decision.

(b) Mayfield also complains that there was no reliable evidence of the amount of damages, that Kanche failed to prove fair market value of the house before and after the damage, and that Kanche lacked sufficient knowledge to opine regarding damages. We conclude the evidence was sufficient and no error occurred.

Under the restitution statute, with certain exceptions not applicable here, a victim of property damage is entitled to "all special damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." OCGA § 17-14-2 (2).[2] See also *McMahon v. State*, 284 Ga. App. 192, 195 (3) (643 SE2d 236) (2007) (court must determine proper measure of damages for the type of civil action victim could assert).

"The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration. [Cit.]" *Allgood Road United Methodist Church v. Smith*, 173 Ga. App. 28, 29 (2) (325 SE2d 392) (1984) (flooding damage to house). See also *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 4 (5) (421 SE2d 113) (1992) (damage to interior of building from ruptured steam valve); *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259, 265 (3) (262 SE2d 554) (1979) (building destroyed by fire).[3] Repair or restoration costs can be used even though they exceed the diminution in value of the property, *Ga. Northeastern R. v. Lusk*, 277 Ga. 245, 247 (2) (587 SE2d 643) (2003), but they are limited where "restoration to the condition at the time of destruction would 'be an absurd undertaking.' " (Citations and punctuation omitted.) *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344, 349-350 (4) (223 SE2d 732) (1976). As stated more generally by the Supreme Court,

> [t]he cost of restoration may not be disproportionate to the diminution in the property's value. Rather, " 'the cost of

---

[2] The restitution mechanism is an attempt to avoid the necessity of a separate civil action and to determine the amount of loss caused by the criminal act in the usually earlier criminal proceedings rather than in a second and more protracted civil suit. Consequently, the amount of restitution ordered may not be more than the victim's damages.

(Punctuation and footnotes omitted.) *Beall v. State*, 252 Ga. App. 138, 139 (1) (555 SE2d 788) (2001). See also OCGA § 17-14-9.

[3] Cf. *John Thurmond & Assocs. v. Kennedy*, 284 Ga. 469, 470 (1) (668 SE2d 666) (2008) ("As a general rule, damages for defective construction, whether those damages are the result of a breach of contract or negligence of the contractor, are determined by measuring the cost of repairing or restoring the damage, unless the cost of repair is disproportionate to the property's probable loss of value. [Cits.]" Damages may also be measured by "the diminution in value of the property after the injury occurred.").

repair must be reasonable and bear some proportion to the injury sustained.' (Cit.)" [Cit.]

*Ga. Northeastern*, 277 Ga. at 247 (2).

Here, Kanche testified that prior to August 1, 2009, the date of the fire, the house, located in Atlanta, was worth "about $170,000," that it had three bedrooms and two baths, and that the fire rendered the house unlivable. He testified that, as a result of the fire, the house required a new roof, complete rewiring, new plumbing, new framing and drywall, all new windows and doors, new kitchen cabinets, new flooring, and a fresh coat of paint. The repairs were necessary to enable him to again rent the house to tenants. Kanche testified that he repairs houses himself, and that, in his own estimation as a contractor, the total cost of the repairs — labor plus materials — would be $41,925. Thus, evidence was presented to show the cost of repairs and its relation to the value of the house prior to the fire, in accordance with the law of damages to real property.

The fair market value of the home prior to and after the fire was not a necessary element of the claim. Cf. *John Thurmond & Assocs. v. Kennedy*, 284 Ga. 469, 471 (668 SE2d 666) (2008) (involving damages to real property resulting from negligent construction and breach of contract). The cases cited by Mayfield are distinguishable because they involve personalty. See, e.g., *In the Interest of E. W.*, 290 Ga. App. 95 (658 SE2d 854) (2008) (automobile); *Cardwell v. State*, 225 Ga. App. 337, 338 (484 SE2d 38) (1997) (automobile and CD player) ("[f]air market value is the measure of such damages and it must be determined exactly"); *Lomax v. State*, 200 Ga. App. 233 (407 SE2d 462) (1991) (automobile). Moreover, neither *Cardwell* nor the other cited cases can be read to limit the type of damages available in all restitution cases. As has been previously stated regarding *Cardwell*,

> to hold that such measure is appropriate in *all* restitution cases would be to ignore the statutory scheme established and the myriad measure of damages possible, depending upon the acts of the offender, how the property was disposed, any recovery, the condition of property recovered, and the type of property involved.

(Citation and punctuation omitted; emphasis in original.) *Barnes v. State*, 239 Ga. App. 495, 500 (2), n. 4 (521 SE2d 425) (1999).[4] In

---

[4] Also, *Cardwell* relies on *Gaskin v. State*, 221 Ga. App. 142 (470 SE2d 531) (1996), but that case merely clarified that *replacement* cost may not be substituted for fair market value when determining damages for the total destruction of property.

short, sufficient evidence was presented to show the cost of repairs and that repairs were not an absurd undertaking under the circumstance.

(c) Mayfield also argues the State failed to establish a foundation for Kanche's knowledge of the repair costs. She contends, therefore, the estimated repair cost was "mere conjecture."

"Direct testimony as to market value is in the nature of opinion evidence." OCGA § 24-9-66. The witness must be shown to have adequate relevant knowledge and must give reasons for his or her opinion.

> Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Footnote omitted.) *John Deere Constr. &c. Co. v. Mark Merritt Constr.*, 297 Ga. App. 743, 744 (678 SE2d 183) (2009).

Here, Kanche testified that he is a real estate investor, that he repairs houses, and that he has done contracting work. He testified that he had owned the relevant house for about four years and that he lived in the house for a while. He inspected the property after the fire, took many pictures, and listed the items that needed repair. He analyzed the different items that needed to be repaired, such as gutters, roof, plumbing, etc. He obtained an estimate from a contractor regarding the repairs but chose to prepare an estimate himself.

"One need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion. *The owner of property is considered to be qualified to state his opinion as to value.*" (Citations and punctuation omitted; emphasis in original.) *Barnes*, 239 Ga. App. at 498 (1); OCGA § 24-9-66. The evidence of Kanche's background provides some evidence to show that he had knowledge, experience or familiarity with the cost of repairs, the value of real estate, and the extent of the damages to his property. We find no error.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JANUARY 26, 2011.

*Kathryn R. Elwart*, for appellant.

YALE LAW LIBRARY

*Paul L. Howard, Jr., District Attorney,* for appellee.