**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 26, 2023**

# In the Court of Appeals of Georgia

A23A0750. SADLER v. THE STATE.

BROWN, Judge.

Chrystofer Sadler pleaded guilty to one count of criminal damage to property in the second degree and was ordered to pay restitution for damaging a truck. Sadler appeals from the restitution order, contending that the State failed to prove the fair market value of the truck and that the value of the truck exceeded the cost of repairs. For the reasons that follow, we vacate the order and remand the case for a new restitution hearing.

The record shows that Sadler pleaded guilty to criminal damage to property in the second degree on October 4, 2021. The indictment alleged that Sadler "on or about the 25th day of September, 2020, did intentionally damage a Chevrolet pickup truck . . . by breaking the windshield, denting the sides, and breaking a headlight, said

damage exceeding $500.00." The trial court imposed a total sentence of five years on probation and scheduled a restitution hearing. At the conclusion of the June 2022 restitution hearing, the court entered an order requiring Sadler to pay $3,404.37 in restitution to the victim. On appeal, Sadler argues that the State failed to present sufficient evidence to establish the fair market value of the vehicle before it was damaged. He also contends that the mechanic offered no basis for his opinion that the fair market value of the truck in 2020 exceeded the costs of repairs.

"A trial court determines the proper amount and type of restitution by a preponderance of the evidence." (Citation and punctuation omitted.) *Summers v. State*, 356 Ga. App. 72 (846 SE2d 236) (2020). See OCGA § 17-14-7 (b). "Thus, on appeal from an order of restitution, we determine whether the evidence was sufficient, under the preponderance of the evidence standard, to support that order, including the amount of restitution." (Citation and punctuation omitted.) *Tran v. State*, 366 Ga. App. 135 (1) (881 SE2d 9) (2022). "Pursuant to OCGA § 17-14-9, the amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." (Citations and punctuation omitted.) *De La Cruz v. State*, 358 Ga. App. 822, 823 (1) (856 SE2d 397) (2021). "[T]he maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action.

2

While fair market value typically is the measure of such damages, evidence of the cost to repair an item also might be sufficient to establish the amount of damages." (Citations and punctuation omitted.) *Tran*, 366 Ga. App. at 136 (1). The State bears the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense. *De La Cruz*, 358 Ga. App. at 823 (1).

"Direct testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in an article or property to testify as to its value if he or she has had an opportunity to form a reasoned opinion." OCGA § 24-7-701 (b). However,

> [o]pinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Citation and punctuation omitted.) *Mayfield v. State*, 307 Ga. App. 630, 633 (2) (c) (705 SE2d 717) (2011). Accord *De La Cruz*, 358 Ga. App. at 825 (1). "The victims' testimony can establish the fair market value of the damaged item, so long as the testimony is fact-based." *De La Cruz*, 358 Ga. App. at 823 (1). See also *Jackson v.*

3

*State*, 250 Ga. App. 617, 619 (552 SE2d 546) (2001) ("[t]he value of stolen [or damaged] property can be established by one having knowledge of the age and condition of the subject property"). "Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an unsupported conclusion or guess of the witness." (Citation and punctuation omitted.) *Gray v. State*, 273 Ga. App. 747, 750 (2) (615 SE2d 834) (2005).

During the restitution hearing, the registered owner of the vehicle, a 1995 Chevrolet 1500 K series pickup truck, testified that a "family friend" had transferred it to her after she had spent her "own money . . . making small repairs on the truck." Another witness with the same last name as the owner, but whose relationship to the owner was not identified, testified that the truck ran and had no mechanical issues. He also testified that Sadler had caused three dents on the driver's side, shattered the windshield, and pulled out a front turn signal light, causing damage to the wiring and the grill.

An auto body mechanic with 50 years of experience testified as to the costs of the repairs and what items would need to be replaced. He estimated that the total cost of the repairs at the time of the estimate in 2020 was $3,404.37. Any preexisting damages or dents were pointed out to the mechanic who prepared the repair estimate.

4

As to the value of the vehicle, the mechanic, who had bought and sold "[m]ore than a hundred" cars, testified as follows:

> [State:] Okay. The value of this car before the damages were done in this case, would that be higher or lower than the estimate that is done — than this $3,40[4].37?
> [Mechanic:] Well, I'm not an expert in that field, but you can't buy one today for that amount.
>
> . . .
>
> [State:] You said you can't buy them today for that price. If I was making this same purchase of a similar vehicle in 2020, would that price be higher or lower?
> [Mechanic:] The price would have probably been lower in 2020.
>
> . . .
>
> [Mechanic:] But it would still have been above the $3,400 [cost of repairs].

On cross-examination, the following exchange occurred:

> [Defense:] So the used car market has experienced some changes from 2020 until now?
> [Mechanic:] Yes, sir.
> [Defense:] The prices have gone up.
> [Mechanic:] Latest estimates are about 32 percent.
> [Defense:] So if I bought a used car then, I could make about 32 percent on it assuming it was in the same condition.
> [Mechanic:] Theoretically, yes, sir.

5

[Defense:] But in your opinion, this vehicle couldn't have been purchased for $3,400 in 2020?

[Mechanic:] No. It would have been more probably.

After reviewing the testimony presented at the restitution hearing, we conclude that the State failed to prove by a preponderance of the evidence that the fair market value of the truck at the time it was damaged did not exceed the estimated cost to repair the damage. The mechanic merely testified that the truck "probably" would have been more than around $3,400 in 2020, without any explanation for how he reached this approximate value. Cf. *Sykes v. Sin*, 229 Ga. App. 155, 156 (1) (493 SE2d 571) (1997). And while we recognized in *Summers* that "as to everyday objects, such as automobiles, the factfinder may draw from their own experience in forming estimates of market value," that case included testimony from the property (jewelry) owner as to the purchase price, time of purchase, and length of ownership. (Citation and punctuation omitted.) 356 Ga. App. at 74 (1) (a). This statement originates from *Atlantic Coast Line R. Co. v. Clements*, 92 Ga. App. 451 (88 SE2d 809) (1955), a civil case:

The purchase price of an automobile is prima facie, but not conclusive evidence, of its value at the time it was purchased. It is always relevant, but, standing alone, is not sufficient as to third parties. We think however, that evidence of price, plus the make, model, length of

6

ownership and amount of use of the automobile by the plaintiff, together with the picture of the vehicle introduced in evidence is sufficient to support a finding by the jury as to market value. A jury is in no event absolutely bound by opinion evidence, and as to everyday objects, such as automobiles, they may draw from their own experience in forming estimates of market value.

Id. at 455 (2). When taken in context with the other evidence presented in that case, it is clear that *Clements* should not be understood to mean that a factfinder can determine the fair market value of an "everyday object" in an evidentiary vacuum.[1]

---

[1] We note that this "everyday object, such as automobiles" language also can be found in criminal cases addressing the sufficiency of the evidence, and it appears that evidence such as the purchase price, time of purchase, and condition of the object is also required in these cases. See, e.g., *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978) (owner's testimony that the stolen property, a garden tiller, was approximately one month old, had been used very little, was in 'new' condition, and had been purchased for $320, coupled with the jury's awareness of the value of "everyday objects" was sufficient for the jury to establish the value of the property for purposes of misdemeanor theft conviction); *Hayes v. State*, 139 Ga. App. 316 (1) (228 SE2d 585) (1976) (in prosecution for criminal damage to property, C.B. radio owner's testimony as to the purchase price, length of ownership and condition before damage, and "that it was 'broken to pieces' afterward" along with "public awareness of [C.B. radio's] value" as an "'everyday object'" sufficient for the jury to determine its fair market value). But see *Flakes v. State*, 365 Ga. App. 97, 101 (b) (877 SE2d 635) (2022) (in prosecution for criminal damage to property, victim's testimony that her cell phone, "a commonly used item," was "new and in good condition at the time of the incident," "was rendered totally useless" as a result of the defendant's attacks, and cost $657 to replace, was "sufficient to permit the jurors to apply their everyday experience to the determination of [the cell phone's] value" as greater than $500).

7

In this case, there was no testimony from the owner regarding the amount of money she expended on repairs to the truck in exchange for its transfer or even when the transfer took place. See, e.g., *Gray*, 273 Ga. App. at 750 (2) (insufficient proof to sustain court's restitution award where victim failed to give a fact-supported opinion as to the value of the damaged items; she did not identify the cost price of the items, when the items were acquired, the condition of any of the items either at the time of their acquisition or just prior to the crime; victim also did not give any repair costs and admitted that estimated depreciated value of each item was not based on any formula or method). See also *Sykes*, 229 Ga. App. at 157 (1) (owner's testimony that he traded two other cars plus $3,000 cash for the vehicle insufficient to establish fair market value of vehicle prior to collision). In sum, neither the owner nor the mechanic were able to provide a fact-supported opinion as to the value of the truck or even sufficient testimony such that the factfinder could form an estimate of the value.[2] Accordingly, we vacate the restitution order and remand the case for a new

---

[2] Sadler cites *De La Cruz* and *Tran*, supra, to assert that the State was required to prove the fair market value of the truck *exactly* rather than simply proving that the fair market value before the damage exceeded the cost of repairs. In *Tran*, this Court stated:

> In a case involving an automobile, however, even when the cost to repair the vehicle is used as a measure of damages, evidence of the fair market value of the car before it was damaged is required to determine

8

hearing on restitution. See *Gray*, 273 Ga. App. at 751 (2) ("where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing").

*Judgment vacated and case remanded with direction. McFadden, P. J., and Markle, J., concur*.

---

whether the cost of repairs exceeded the car's value, so as to comply with OCGA § 17-14-9. Importantly, fair market value must be determined exactly.

(Punctuation omitted.) 366 Ga. App. at 136 (1), citing *Burke v. State*, 201 Ga. App. 50, 51-52 (3) (410 SE2d 164) (1991). In *De La Cruz*, *Burke*, and *Tran*, the State did not present testimony, as here, that the fair market value of the vehicle before the damage would have exceeded the cost to repair the damage. However, we need not decide whether the State is required to present evidence of the fair market value of the property *exactly* in such a case as this because we conclude that there was no basis for the mechanic's opinion regarding the value of the truck in this case.