**FOURTH DIVISION
DILLARD, P. J.,
BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 16, 2024**

# In the Court of Appeals of Georgia

A24A1851. TRUSS v. THE STATE.

PADGETT, Judge.

After Jamal Deshawn Truss pleaded guilty to one count of stalking and nolo contendere to one count of aggressive driving and one count of improper passing, the trial court ordered him to pay $4,524.43 in restitution to the victim for damaging her vehicle. Truss appeals, contending that the trial court erred in (i) ordering him to pay restitution even though the State did not present evidence of the fair market value of the vehicle before it was damaged, and (ii) basing the restitution amount on the victim's hearsay testimony about the repair estimate she received from a collision center. Because the trial court's restitution award is not supported by sufficient evidence, we vacate the award and remand for a new restitution hearing.

The record shows the following factual basis for the plea.[1] The victim was leaving her job when she noticed Truss, an ex-acquaintance, sitting in his vehicle. She immediately got into her vehicle to leave, and Truss began chasing her in his vehicle. The victim later recounted to police that Truss went around her vehicle in a no-passing zone and slammed on his brakes, causing her to rear-end him and rendering her vehicle disabled. Truss then left the scene before police arrived.

The trial court imposed a total sentence of 3 years on probation, with 30 days to serve in custody, and scheduled a restitution hearing. At the restitution hearing, the victim testified that a collision center had provided a repair estimate for her vehicle of $4,524.43. The State attempted to tender the written estimate as evidence, but Truss objected to its admission. The court sustained the objection and did not allow the estimate itself to be admitted, but allowed the victim to testify as to the amount of the estimate.

After the restitution hearing, the court entered an order requiring Truss to pay restitution of $4,524.43 "or the equivalent of Defendant's insurance company to

---

[1] The record on appeal does not contain a transcript of the plea hearing, but it includes a transcript of the restitution hearing, at which the State told the court the factual basis for the plea.

repair the damage to industry standards." On appeal, Truss argues that the State failed to present evidence to establish the fair market value of the vehicle before it was damaged and that the victim's testimony as to the repair estimate she received was improper hearsay.

The State bears the burden of establishing, by a preponderance of the evidence, the amount of loss sustained by a crime victim. OCGA § 17-14-7 (b). Thus, on appeal from an order of restitution, "we determine whether the evidence was sufficient, under the preponderance of the evidence standard, to support that order, including the amount of restitution." *Watts v. State*, 321 Ga. App. 289, 295 (3) (739 SE2d 129) (2013) (citation and punctuation omitted).

A primary goal of restitution is, "as nearly as possible, to make the victim whole." *Barnes v. State*, 239 Ga. App. 495, 500 (2) (521 SE2d 425) (1999) (citation and punctuation omitted). "The amount of restitution ordered shall not exceed the victim's damages." OCGA § 17-14-9. "The maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. While fair market value typically is the measure of such damages, evidence of the cost to repair an item also might be sufficient to establish the amount of damages." *Sadler*

*v. State*, 367 Ga. App. 756, 757 (888 SE2d 324) (2023) (citations and punctuation omitted). In a case involving an automobile, however, even when the cost to repair the vehicle is used as a measure of damages, evidence of the fair market value of the vehicle before it was damaged is required to determine whether the cost of repairs exceeded the vehicle's value, so as to comply with OCGA § 17-14-9. *Burke v. State*, 201 Ga. App. 50, 51-52 (3) (410 SE2d 164) (1991).

The victim in this case testified at the restitution hearing about the repair estimate she received. Although we have affirmed the admission of repair estimates to establish the basis of a victim's opinion as to cost and fair market value, see *Barnes*, 239 Ga. App. at 498-499 (1) (a), we have concluded that a repair estimate alone is not sufficient evidence to sustain a restitution award. See *Cardwell v. State*, 225 Ga. App. 337, 338 (484 SE2d 38) (1997) (vacating and remanding restitution order, noting that victim's testimony as to the estimated cost to repair his truck was not the fair market value of the truck and was inadmissible hearsay); see also *Johnson v. State*, 314 Ga. App. 560, 564 (6) (724 SE2d 859) (2012) (noting that testimony from the victim as to

repair estimates she received were inadmissible hearsay and could not sustain restitution award).[2]

Here, the State presented no evidence of the value of the vehicle before the damage occurred. Consequently, we must vacate the trial court's restitution award and remand this case for a new restitution hearing to address whether the cost to repair the vehicle exceeds its fair market value. See *Tran v. State*, 366 Ga. App. 135, 138-139 (1) (881 SE2d 9) (2022) (vacating and remanding for a new restitution hearing because, inter alia, the State presented no evidence of the fair market value of a car damaged by the defendant); *Gray v. State*, 273 Ga. App. 747, 751 (2) (615 SE2d 834) (2005) ("where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing").

*Judgment vacated and case remanded with direction. Dillard, P. J., and Brown, J., concur.*

---

[2] To the extent Truss challenges the admission of the victim's testimony as hearsay, he waived this argument for appellate review by failing to raise a contemporaneous objection to her testimony. *Jones v. Chatham County Bd. of Tax Assessors*, 270 Ga. App. 483, 487 (4) (606 SE2d 673) (2004).